**Michael DeMARTIN, Peter DePaola and Nicholas Santacroce, Plaintiffs,**

**v.**

**Willard Robert CONKLIN, Jr., Defendant.**

**No. 66 Civ. 496.**

United States District Court
S. D. New York.

Feb. 8, 1968.

---

Robert M. Ginsberg, New York City, for plaintiffs.

Flood, Conway, Walsh, Stahl & Farrell, New York City, for defendant, by W. H. Maloney, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiffs, DeMartin, DePaola and Santacroce, residents of New Haven, Connecticut, sued the defendant, Conklin, a resident of Peekskill, New York, for damages allegedly arising out of an automobile accident on the Long Island Expressway on September 27, 1964. Following a trial without a jury, the action was dismissed for the reason that each plaintiff failed to establish that the matter in controversy exceeded the sum of $10,000 exclusive of interest and costs (28 U.S.C. § 1332(a) (2)).

Each of the plaintiffs testified that they were passengers in an automobile driven by Sequino (not a party), returning from dinner at the Four Seasons Restaurant in Long Island to their homes in New Haven, Connecticut, and that the car stopped because of traffic ahead and was hit in the rear by the car driven by defendant. Each plaintiff testified that he was tossed about, shaken up and shocked by reason of the collision. Following the usual amenities on such occasions and a conversation with a policeman who came to the scene, the plaintiffs got back in the car and went home to New Haven. About a week later, they decided to consult Dr. Kra in New Haven, and during the course of the next few weeks DeMartin saw Dr. Kra twice, DePaola saw him four times, and Santacroce saw him five times. In February 1968, a week before the trial, DePaola and Santacroce again visited Dr. Kra in connection with his testimony which was given at the trial.

Dr. Kra testified that DeMartin suffered a back sprain and that he recommended physical therapy, which recommendation DeMartin did not follow. Dr. Kra found the same condition with respect to DePaola but made a report on November 17, 1964 of no permanency. Dr. Kra found that Santacroce had a bruised neck, and he again reported on November 1, 1964 that there was no permanency.

None of the plaintiffs claimed any loss of earnings, and the only special damages brought out at the trial were:

DeMartin

|  |  |
|---|---|
|  | $205.00 |
| Dr. Kra | $ 65.00 |
| X-rays | 70.00 |
|  | $135.00 |

DePaola

|  |  |
|---|---|
| Dr. Kra | $135.00 |
| X-rays | 80.00 |
|  | $215.00 |

Santacroce

|  |  |
|---|---|
| Dr. Kra | $ 95.00 |
| X-rays | 110.00 |

In their complaint, each plaintiff claimed $25,000 for pain and suffering. None of the plaintiffs suffered any permanent injuries in the accident, and their pain and suffering, if any, was limited to the few weeks from the time of the accident until they were discharged by Dr. Kra, during which period they all remained at work. On the basis of the evidence brought out at the trial, it is a

legal certainty that each plaintiff's damages for pain and suffering could not make up the difference between their special damages indicated above and $10,000 (See Arnold v. Troccoli, 344 F. 2d 842 (2d Cir. 1965)). No reason appears why this action was instituted in the Federal court. Perhaps it was because the defendant resided in Peekskill and plaintiffs' attorney had his office in New York City, so that it was done as a matter of the attorney's convenience. In any event, the practice of bringing this type of action in an already overburdened District Court cannot be tolerated. See Deutsch v. Hewes Street Realty Corp., 259 F.Supp. 701 (S.D.N.Y. 1966).

Judgment will be entered dismissing the complaint with costs to the defendant.

It is so ordered.